UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRANSPRO, INC., | ) | Case No.: 1:02 CV 2329 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| LEGGETT & PLATT, INCORPORATED, | ) | |
| | ) | |
| Defendant | ) | ORDER |

Now pending before the court is Plaintiff TransPro Inc.'s ("Transpro") Motion in Limine to exclude the testimony of James Patterson, Shirley Barnette, Cantlon Associates, Inc., and Mayrinet Fernandez. (ECF No. 97.) As Defendant Leggett & Platt Incorporated ("Leggett") has withdrawn Shirley Barnette and Mayrinet Fernandez as trial witnesses, the portions of TransPro's Motion in Limine seeking to exclude the testimony of Shirley Barnette and Mayrinet Fernandez are denied as moot. (*See* Def.'s Opp'n to Pl.'s Mot. in Limine, ECF No. 99.) Accordingly, this Order discusses the pending motion as it relates to the testimony of James Patterson ("Patterson") and Cantlon Associates, Inc. ("Cantlon"). For the reasons stated below, TransPro's Motion in Limine to exclude the testimony of Patterson and Cantlon is denied.

## I. FACTS AND PROCEDURAL HISTORY[1]

In 2000, Leggett reached an agreement to acquire the assets of TransPro's Crown North America Division ("Division"). The Division has locations in the United States and Canada; the Canadian business is a separately-owned and operated company called Crown-VMS Canada, Limited ("Crown-VMS"). Leggett also acquired TransPro's stock in Crown-VMS. The purchase price was determined, in part, by the net asset value ("NAV") of the business. The Asset Purchase Agreement ("Agreement") represented that the NAV was to be "at least $15,500,000." (Agreement § 4.22.) If that representation turned out to be inaccurate, the parties agreed that Leggett would be entitled to a post-closing adjustment in the purchase price. (*Id.* § 11.1.)

TransPro initiated the instant lawsuit, seeking reimbursement for certain expenses it contends Leggett should have paid for, but did not. Leggett filed a counterclaim for breach of contract, contending that the NAV was actually $15,180,373, and seeking damages in the amount of the shortfall. On September 21, 2005, this court denied Leggett's Motion for Summary Judgment, and granted in part and denied in part TransPro's Motion for Summary Judgment (*See* Order, ECF No. 73). Thereafter, however, the court granted in part Leggett's Motion for Partial Reconsideration, (ECF No. 75), finding that a genuine issue of material fact remained as to the book value of the Crown-VMS note and therefore, summary judgment on Leggett's counterclaim for breach of contract was inappropriate. (*See* Order, ECF No. 89.)

---

[1] A more thorough description of the facts of this case may be found in the court's September 21, 2005 Order, ECF No. 73.

## II. LAW AND ANALYSIS

In TransPro's Motion in Limine, it argues that Leggett has never before identified Patterson or Cantlon as persons with knowledge of facts relating to Leggett's counterclaim for workers' compensation payments, or as witnesses Leggett would call at trial, despite the requirement of the Federal Rules of Civil Procedure to disclose such witnesses and despite TransPro's discovery requests.

Under the Federal Rules of Civil Procedure, every party to an action must disclose the names of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses. *See* Fed. R. Civ. P. 26(a)(1)(A). This rule requires a party to supplement this information appropriately if that party "learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). Federal Rule of Civil Procedure 37(c)(1) states in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1).

Accordingly, "Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (internal quotations omitted). The burden is on the potentially sanctioned party to prove harmlessness. *Id.* The Sixth Circuit has noted that "[t]he advisory committee's note to Rule 37(c) strongly suggests that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) (quoting *Vance v. United States*, 182 F.3d 920, 1999 WL 455435, at *5 (6th Cir. 1999)). TransPro maintains that Leggett cannot justify its nondisclosure and that permitting Cantlon and Patterson to testify would seriously prejudice TransPro and its defense of Leggett's counterclaim relating to the workers' compensation payments.

**A. Cantlon**

Leggett states that Cantlon is the third-party administrator that prepares the monthly reports summarizing the checks paid from a workers' compensation trust fund account to three former employees of TransPro. (*See* Def.'s Opp'n to Pl.'s Mot. in Limine, p. 3, ECF No. 99.) Those three employees are Gary Simmerman, Alberta Livingston, and Evelyn Buchanan. (*Id.* at 2.) Leggett plans to call the records custodian for Cantlon who will authenticate reports which have been made available and produced by Leggett over the last two years. (*See id.* at 2.)

Leggett argues that its failure to disclose the records custodian for Cantlon as a witness is harmless error and that no prejudice to TransPro will result if Cantlon is permitted to testify as a witness. Leggett maintains that TransPro has known throughout this litigation that Cantlon is the administrator for the workers' compensation trust fund account at issue. Leggett argues that it was

TransPro that selected Cantlon as the third-party administrator for this account, and that Cantlon previously issued monthly reports to TransPro summarizing the TransPro checks paid to Gary Simmerman, Alberta Livingston, and Evelyn Buchanan. (*See* Def.'s Opp'n to Pl.'s Mot. in Limine, Exhibit B.) Leggett asserts that in 2003, TransPro produced Cantlon reports as part of its discovery responses in this case. (*See* Def.'s Opp'n to Pl.'s Mot. in Limine, Exhibit B - Bates Nos. TRP002027 – TRP002030.)

Leggett maintains that TransPro knew that the Cantlon reports were being used by Leggett to calculate workers' compensation payments at issue and that Leggett has continually produced and updated these reports. (Def.'s Opp'n to Pl.'s Mot. in Limine, p. 6.) For example, in 2004, Leggett states that it supplemented its discovery response and affirmatively produced updated Cantlon reports with Cantlon's name conspicuously printed on the top of the page, showing payments to Gary Simmerman, Alberta Livingston, and Evelyn Buchanan. (*See* Def.'s Opp'n to Pl.'s Mot. in Limine, Ex. E - Bates Nos. LEP 04876 – LEP 04917.) This report included the facsimile cover sheet from Cantlon which specifically identified one of the custodians of records, Patty Pack. (*Id.*)

As TransPro previously had knowledge that Cantlon was the administrator for the workers' compensation trust fund account, this court finds that Leggett's failure to disclose that it would call the records custodian from Cantlon to authenticate documents is harmless. This court does not find that TransPro will be unfairly prejudiced if Cantlon's records custodian testifies as to the authenticity of the Cantlon reports summarizing the workers' compensation payments at issue. Therefore, TransPro's Motion in Limine seeking to exclude the records custodian for Cantlon as a witness is denied.

**B. Patterson**

Leggett states that Patterson took over the responsibilities of Joe Mahler ("Mahler") the former Chief Financial Officer for TransPro's Crown Division, when Mahler left his employment in 2003, during the pendency of this litigation. Mahler became an employee of Leggett after the acquisition of the Division and he continued with his responsibility of overseeing the workers' compensation trust fund. (*See* Def.'s Opp'n to Pl.'s Mot. in Limine, p. 4.) Leggett contends that it identified Mahler in its initial disclosures as a person with knowledge of the workers' compensation payments being made to the three former TransPro employees. (*See id.* at 9.) Leggett contends that Patterson's testimony is offered solely to supplement the testimony of Mahler from 2003 to the present. (*Id.*) In 2004, Leggett submitted an affidavit from Patterson as part of the summary judgment briefing in this case, in which Patterson referenced the Cantlon spreadsheet showing the workers' compensation payments made to the three former TransPro employees. (*See* ECF No. 63-14.)

Although Patterson's affidavit was filed after the close of the discovery, and more than a year after Leggett served its discovery responses and Rule 26(a) disclosures, TransPro cannot claim total surprise as to the existence of Patterson as a potential witness. His affidavit was filed with this court in February, 2005, over one year ago. TransPro never attempted to strike that affidavit, nor depose Patterson. However, this court finds that when Mahler left his employment during the pendency of this litigation and his job responsibilities were assumed by Patterson, Leggett should have formally supplemented the disclosures and identified Patterson. This court concludes that TransPro would be unfairly prejudiced if Patterson were permitted to testify without TransPro having the opportunity to depose Patterson. TransPro maintains that had Leggett identified

-6-

Petterson, it would have certainly deposed Patterson in order to prepare its defense to Leggett's counterclaim for workers' compensation payments. (*See* Pl.'s Mot. in Limine, p. 7.) Therefore, this court concludes that the appropriate remedy for this situation is for Leggett to make Patterson available for deposition at whatever place and time is convenient for TransPro, with the costs of making Patterson available to be absorbed by Leggett.

### III. CONCLUSION

For the above-stated reasons, TransPro's Motion in Limine to exclude the testimony of James Patterson and Cantlon Associates, Inc. is denied, but Leggett shall make Patterson available for deposition at whatever place and time is convenient for TransPro. (ECF No. 97.) As discussed above, TransPro's Motion in Limine to exclude the testimony of Shirley Barnetter and Mayrinet Fernandez is denied as moot. (ECF No. 97.)

IT IS SO ORDERED.

/s/SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

October 16, 2006